**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WANDA L. MYERS,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
AT-3443-17-0039-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Fateen Anthony Bullock, Esquire, and James Jones, Atlanta, Georgia, for
    the appellant.

Deetric M. Hicks, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  [5 C.F.R. § 1201.113](5 C.F.R. § 1201.113)(b).

¶2        The appellant filed the instant appeal challenging her nonselection for a promotion following a desk audit and requested a hearing.  Initial Appeal File (IAF), Tab 1.  The administrative judge informed the appellant that she had the burden of establishing jurisdiction by preponderant evidence and ordered her to file evidence and argument that this appeal was within the Board's jurisdiction.[2] IAF, Tab 4.  Although the appellant did not respond, the agency responded and moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 5.  Without holding the appellant's requested hearing, the administrative judge dismissed the

---

[2] The administrative judge did not notify the appellant that the Board has jurisdiction over certain nonselection appeals, such as when the appellant alleges that her veterans' preference rights have been violated, claims of discrimination based upon her military service, or assertions of whistleblower reprisal.  IAF, Tab 4.  However, because the initial decision put the appellant on notice of what she must do to meet her jurisdictional burden regarding such claims, this omission has been cured.  *See Caracciolo v. Department of the Treasury*, [105 M.S.P.R. 663](105 M.S.P.R. 663), ¶ 12 (2007) (finding that the administrative judge's failure to inform the appellant that she was required to show an actual lowering of pay to establish jurisdiction in a reduction-in-pay appeal was cured because the administrative judge mentioned this requirement in the initial decision), *overruled on other grounds by Brookins v. Department of the Interior*, [2023 MSPB 3](2023 MSPB 3).

appeal for lack of jurisdiction, finding that the Board generally does not have jurisdiction over nonselections such as this one and that the appellant failed to allege jurisdiction under any of the exceptions to this general rule. IAF, Tab 6, Initial Decision (ID).

¶3 The appellant has filed a petition for review and a supplement thereto, and the agency has responded in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1-2, 4.[3] In her petition for review, the appellant challenges the merits of her nonselection. PFR File, Tab 1. However, as discussed below, these contentions do not provide a basis for disturbing the initial decision.

¶4 As the administrative judge stated, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. ID at 2; *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). We agree with the administrative judge that the Board generally does not have jurisdiction over promotion denials or classification matters. ID at 2; *see* 5 U.S.C. §§ 7512, 7513; *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 7 (2007). Further, we agree with the administrative judge that, although the Board has jurisdiction over certain nonselections under the Veterans Employment Opportunities Act of 1998 and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), the Board does not have such jurisdiction here because of the following: the appellant indicated that she was not entitled to veterans' preference, she did not claim that the agency violated her rights under USERRA, and there is otherwise no indication that she is asserting such claims. ID at 3; IAF, Tab 1; *see* 5 U.S.C. §§ 3330a, 3330b; 38 U.S.C. §§ 4301-4335. Additionally, we agree with the administrative judge that the Board does not have jurisdiction over this appeal as an individual right of action

---

[3] On review, the appellant attaches evidence that she previously submitted below. PFR File, Tabs 1-2. Because this evidence is neither new nor material, we have not considered it. 5 C.F.R. § 1201.115(d).

(IRA) appeal because there is no evidence that the appellant exhausted her administrative remedies before the Office of Special Counsel (OSC) or made nonfrivolous allegations of the required elements in such an appeal.  ID at 3 n.2; *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1), 2302(a), (b)(8),(9)(A)(i),(B),(C),(D); *see also Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).[4] Finally, absent an otherwise appealable action, the appellant's other claims do not provide an independent basis for finding Board jurisdiction.  *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 11 (2006).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *See Salerno*, 123 M.S.P.R. 230, ¶ 5.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.